[Cite as *State v. Mowls*, 2017-Ohio-8712.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | Case No. 2017CA00019 |
| | : | |
| JUSTIN ALAN MOWLS | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:        Appeal from the Stark County Court of
                                Common Pleas, Case No. 2016CR1211

JUDGMENT:                       AFFIRMED

DATE OF JUDGMENT ENTRY:         November 20, 2017

APPEARANCES:

For Plaintiff-Appellee:                 For Defendant-Appellant:

JOHN D. FERRERO, JR.                    RHYS B. CARTWRIGHT-JONES
STARK CO. PROSECUTOR                    42 N. Phelps St.
KRISTINE W. BEARD                       Youngstown, OH 44503-1130
110 Central Plaza S., Ste. 510
Canton, OH 44702-1413

*Delaney, P.J.*

{¶1}   Appellant Justin Alan Mowls appeals from the January 25, 2017 Judgment Entry of the Stark County Court of Common Pleas.  Appellee is the state of Ohio.

## FACTS AND PROCEDURAL HISTORY

{¶2}   This case arose on June 3, 2016 when appellant struck his neighbor, Steven Steinbach, multiple times with a baseball bat.  Appellant had borrowed Steinbach's "weed whacker" and allegedly damaged it.  Steinbach was admittedly upset about the weed whacker and mentioned it to appellant the day before.  On this date, however, Steinbach saw appellant outside and went out to speak to him, purportedly to tell him the weed whacker had been fixed.

{¶3}   An argument ensued.  Appellant re-entered his house and came back out. At some point Steinbach briefly returned to his own porch and sat with his sister. Appellant and Steinbach confronted each other again.  This time, appellant was armed with a baseball bat.  Appellant struck Steinbach once on the side of his head, once on his upraised arm, and once in his rib cage.  Steinbach retreated to his own porch and his sister asked him if he was O.K.  Steinbach said appellant had knocked the wind out of him.

{¶4}   Steinbach's sister left, but soon thereafter blood came out of Steinbach's mouth and he realized he was hurt more seriously than he thought.  He rode his bicycle to a neighbor's house and asked for a ride to the hospital.

{¶5}   In the meantime, appellant returned to his own house and called the Stark County Sheriff's Office.  Deputy William White responded to appellant's residence and appellant related the story of the weed-whacker argument.  Appellant told White that

Steinbach brandished a small pair of gardening clippers or shears and approached appellant's porch in a threatening manner. Appellant told White he used a baseball bat to push Steinbach off the porch. White asked where Steinbach was now and appellant said he rode off on his bike.

{¶6} As White was leaving, a woman pulled up to the house and said she had just dropped Steinbach off at Mercy Medical Center. White went to the hospital to speak to Steinbach, and as he approached the room, a nurse told him hospital staff were about to contact the Sheriff's Office because Steinbach had been assaulted. White was ultimately unable to speak to Steinbach that day because medical staff were inserting a chest tube.

{¶7} White returned to the scene of the assault, however, and asked appellant for a written statement. Steinbach remained sedated and White couldn't speak to him until the next day. Steinbach sustained a broken arm, two broken ribs, and injury to his forehead. White obtained a written statement from Steinbach and determined his injuries were not consistent with appellant's story of "pushing" Steinbach off the porch with a bat. White sought a warrant for appellant's arrest.

{¶8} White was not immediately aware Steinbach's sister witnessed the incident. She came to the Sheriff's Office several weeks later to make a statement and testified at trial on behalf of appellee. The sister observed Steinbach and appellant arguing back and forth and at one point appellant challenged Steinbach to come into his yard. She saw Steinbach approach the yard, crossing between two vehicles, when appellant flung the door open and "came flying out of his house" with a baseball bat. Appellant struck Steinbach three times, once each in the head, arm, and side. Appellant ran back into his

house and Steinbach returned to his own porch. Steinbach told his sister to call the police, but her response was "You call the police." The sister left and found out later that Steinbach was in the hospital.

{¶9} Upon cross-examination, the sister acknowledged that she didn't know whether Steinbach was drunk at the time but agreed he was agitated. She said both men yelled and cursed. She didn't call 911 because in her opinion, if that was necessary, Steinbach could do it. The sister testified on redirect that Steinbach never went onto appellant's porch and she did not see any garden shears at any time during the incident. She stated unequivocally Steinbach did not have gardening shears during the incident.

{¶10} Appellant testified on his own behalf. He said Steinbach approached him on June 3 looking "crazed," screaming obscenities and ranting about the weed whacker. Appellant said he saw a pair of gardening shears "fall from behind his back;" at that point, appellant was on his own stoop and Steinbach was in his yard, 8 to 10 feet away. Appellant said Steinbach picked the shears up and approached appellant again, screaming. Appellant said he keeps a baseball bat directly inside his front door for self-defense purposes. He was thus able to grab the bat very quickly when appellant approached him, allegedly with the shears.

{¶11} Appellant testified he feared for his life. He said he hit Steinbach twice with the bat for the purpose of "getting him away" so he could go back into his house and call police.

{¶12} Upon cross-examination, appellant acknowledged he is physically larger than Steinbach. He testified Steinbach did step onto his porch, despite the contrary testimony of Steinbach and his sister. Appellant acknowledged Facebook posts he made

after the incident stating "I hope I don't go to jail for this" and that he was "not in jail but that was 'blanked' up of me." Appellant said he was in shock when he first spoke to White after the incident, and insisted he was in fear of being stabbed although he had no idea what became of the garden shears.

*Indictment, Trial, and Conviction*

{¶13} Appellant was charged by indictment with one count of felonious assault pursuant to R.C. 2903.11(A)(1), a felony of the second degree. Appellant entered a plea of not guilty and the matter proceeded to trial by jury. Appellant successfully requested a jury instruction upon "no duty to retreat" in addition to a self-defense instruction. Appellant moved for judgment of acquittal pursuant to Crim.R. 29(A) at the close of appellee's evidence and at the close of all of the evidence; the motions were overruled.

{¶14} Appellant was found guilty as charged and sentenced to a prison term of 4 years.

{¶15} Appellant now appeals from the January 25, 2017 judgment entry of his conviction and sentence.

{¶16} Appellant raises two assignments of error:

**ASSIGNMENTS OF ERROR**

{¶17} "I. EITHER THE TRIAL COURT PLAINLY ERRED IN DECLINING TO PRESENT A JURY INSTRUCTION ON THE LESSER INCLUDED OFFENSE OF AGGRAVATED ASSAULT, OR TRIAL COUNSEL WAS INEFFECTIVE IN DECLINING TO REQUEST SAME."

{¶18} "II. THE TRIAL COURT ERRED IN DECLINING THE DEFENSE'S MOTION RULE 29 FOR ACQUITTAL."

**ANALYSIS**

I.

{¶19} In his first assignment of error, appellant contends the trial court should have instructed the jury upon the "lesser included offense" of aggravated assault, or defense trial counsel was ineffective in failing to request the instruction.  We disagree.

{¶20} "[A]fter arguments are completed, a trial court must fully and completely give the jury all instructions which are relevant and necessary for the jury to weigh the evidence and discharge its duty as the fact finder." *State v. Comen,* 50 Ohio St.3d 206, 553 N.E.2d 640 (1990), paragraph two of the syllabus.

{¶21} Crim.R.30 provides that a party must object to an omission in the court's instructions to the jury in order to preserve the error for appeal. "A criminal defendant has a right to expect that the trial court will give complete jury instructions on all issues raised by the evidence." *State v. Williford,* 49 Ohio St.3d 247, 251–252, 551 N.E.2d 1279(1990). (Citations omitted).  If an objection is not made in accordance with Crim.R. 30, or the defendant fails to submit a required written jury instruction, Crim.R. 52(B), the plain error doctrine, applies.  *State v. Dorsey*, 5th Dist. Stark No. 2014CA00217, 2015-Ohio-4659, ¶ 61, citing *Williford, supra,* and *State v. Gideons,* 52 Ohio App.2d 70, 368 N.E.2d 67(8th Dist.1977).  In *Neder v. United States,* 527 U.S. 1, 119 S.Ct. 1827, 144 L.Ed.2d 25 (1999), the United State Supreme Court held that because The failure to properly instruct a jury is not in most instances structural error, thus the harmless-error rule of *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705(1967) applies because it does not necessarily render a trial fundamentally unfair or an unreliable vehicle for determining guilt or innocence.

{¶22} In the instant case, appellant concedes he did not object, nor did he request orally or in writing the aggravated-assault instruction he now contends should have been given by the trial court. Accordingly, our review of the alleged error must proceed under the plain error rule of Crim. R. 52(B). *Dorsey*, supra, at ¶ 64.

{¶23} The facts of each case determine the necessity of instructing the jury on lesser crimes or lesser included offenses. *State v. Kidder*, 32 Ohio St.3d 279, 282, 513 N.E.2d 311 (1987); *State v. Loudermill*, 2 Ohio St.2d 79, 80, 206 N.E.2d 198 (1965). Some appellate courts in Ohio have held that aggravated assault is a "lesser-included offense" of felonious assault, while others have held it to be a "lesser offense." In determining a defendant's right to have the jury instructed on aggravated assault, it is immaterial whether that offense is denominated as a lesser included offense or a lesser offense. *State v. Johnson*, 9th Dist. Summit No. C.A. 13101, 1987 WL 19467, *1. The test is the same: the trial court must decide whether any evidence was presented at trial which would form the basis for a jury instruction on the offense of aggravated assault. If there was, then the jury instruction must be given. If there was none, then the instruction should not be given. *Id.*

{¶24} R.C. 2903.12(A) defines aggravated assault as follows:

No person, while under the influence of sudden passion or in a sudden fit of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the person into using deadly force, shall knowingly:

(1) Cause serious physical harm to another or another's unborn;

(2) Cause or attempt to cause physical harm to another or to

another's unborn by means of a deadly weapon or dangerous

ordinance, as defined in section 2923.11 of the Revised Code.

{¶25} We have previously noted aggravated assault, as defined by R.C. 2903.12(A)(2), is not a "lesser included" offense of felonious assault. *State v. Fleming*, 5th Dist. Licking No. 97CA133, 1998 WL 346689, *5, appeal not allowed, 83 Ohio St.3d 1447, 700 N.E.2d 331 (1998), citing *State v. Deem*, 40 Ohio St.3d 205, 210, 533 N.E.2d 294 (1988). Instead, aggravated assault is an inferior degree of felonious assault because the elements of aggravated assault are identical to those of felonious assault, except for the additional mitigating element of serious provocation. *Id.*, citing *State v. Mack,* 82 Ohio St.3d 198, 200, 694 N.E.2d 1328 (1998).

{¶26} "Provocation, to be serious, must be reasonably sufficient to bring on extreme stress and the provocation must be reasonably sufficient to incite or to arouse the defendant into using deadly force. In determining whether the provocation was reasonably sufficient to incite the defendant into using deadly force, the court must consider the emotional and mental state of the defendant and the conditions and circumstances that surrounded him at the time." *Deem,* paragraph five of the syllabus.

{¶27} This provocation must be occasioned by the victim. *State v. Shane*, 63 Ohio St.3d 630, 637, 590 N.E.2d 272 (1992). In determining whether the defendant presented sufficient evidence to warrant the instruction, "an objective standard must be applied to determine whether the alleged provocation is reasonably sufficient to bring on a sudden passion or fit of rage." *Mack,* 82 Ohio St.3d at 201. The provocation must be "sufficient to arouse the passions of an ordinary person beyond the power of his or her control." *Shane,*

63 Ohio St.3d at 635. If this objective standard is met, the inquiry becomes a subjective one, to determine whether the defendant "actually was under the influence of sudden passion or in a sudden fit of rage." *Id.*

{¶28} Appellant argues evidence exists that the provocation posed by Steinbach was reasonably sufficient to incite sudden passion or rage, citing the escalating argument, Steinbach's intoxication, his alleged brandishing of garden shears, and stepping onto appellant's porch.  We find this evidence was insufficient as a matter of law to establish provocation reasonably sufficient to incite the use of deadly force.

{¶29} In examining whether provocation is reasonably sufficient to bring on a sudden fit of passion or fit of rage, the Ohio Supreme Court has stated that "[f]or provocation to be reasonably sufficient, it must be sufficient to arouse the passions of an ordinary person beyond the power of his or her control." *State v. Shane*, 63 Ohio St.3d 630, 635, 590 N.E.2d 272 (1992). In determining whether the provocation was reasonably sufficient, the court must consider the emotional and mental state of the defendant and the conditions and circumstances that surrounded him at the time. *State v. Mabry*, 5 Ohio App.3d 13, 449 N.E.2d 16 (1982), paragraph five of the syllabus.

{¶30} Generally, neither words alone nor fear itself will constitute evidence of serious provocation. "[W]ords alone will not constitute reasonably sufficient provocation to incite the use of deadly force in most situations" and "[f]ear alone is insufficient to demonstrate the kind of emotional state necessary to constitute sudden passion or fit of rage." *Shane* at 634-635; *Mack* at 198.

{¶31} The only evidence that Steinbach brandished garden shears or stepped onto appellant's porch is appellant's self-serving testimony which was contradicted by

Steinbach and his sister. Even if we were to take appellant's testimony at face value, he has not objectively established sufficient provocation based upon Steinbach's purported threats or his own purported fear.

{¶32} We note defense trial counsel requested and received jury instructions for the affirmative defense of self-defense. The jury, however, did not accept appellant's claim of self-defense, essentially rejecting his version of the events. Since the jury believed Steinbach's account of the assault, i.e., appellant attacked Steinbach, we do not find a reasonable probability the outcome would have been different had the jury instruction of aggravated assault been requested and received. *State v. Fleming*, 5th Dist. Licking No. 97CA133, 1998 WL 346689, *7, appeal not allowed, 83 Ohio St.3d 1447, 700 N.E.2d 331 (1998). See also, *State v. Barton*, 5th Dist. Licking No. 2003CA00064, 2004-Ohio-3058. The trial court's failure to sua sponte offer an aggravated-assault instruction is thus not plain error.

{¶33} Appellant further argues trial counsel's failure to request the instruction constitutes ineffective assistance of counsel. To succeed on a claim of ineffectiveness, a defendant must satisfy a two-prong test. Initially, a defendant must show that trial counsel acted incompetently. *See*, *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984). In assessing such claims, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689, citing *Michel v. Louisiana*, 350 U.S. 91, 101, 76 S.Ct. 158 (1955).

{¶34} "There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way." *Strickland,* 466 U.S. at 689. The question is whether counsel acted "outside the wide range of professionally competent assistance." *Id.* at 690. Even if a defendant shows that counsel was incompetent, the defendant must then satisfy the second prong of the *Strickland* test. Under this "actual prejudice" prong, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694.

{¶35} The decision whether to request a specific jury instruction on a lesser offense is a matter of trial strategy left to counsel's discretion. *State v. Griffie*, 74 Ohio St.3d 332, 333, 658 N.E.2d 764 (1996). The defendant must overcome the presumption that under the circumstances, the challenged action of trial counsel might be considered sound trial strategy. *Strickland,* 466 U.S. at 689. Hindsight may not be used to distort the assessment of what was reasonable in light of trial counsel's perspective at the time. *State v. Cook*, 65 Ohio St.3d 516, 524–525, 605 N.E.2d 70 (1992).

{¶36} Based upon our review of the record, we have already found insufficient evidence to warrant a jury instruction on aggravated assault. The evidence did not establish any provocation by Steinbach which could be considered reasonably sufficient to incite the appellant into a sudden fit of passion or rage. While appellant's fear of Steinbach alone would not necessarily have constituted sufficient provocation, the only evidence Steinbach brandished garden shears, thereby putting appellant in fear, was appellant's self-serving testimony. Steinbach denied have garden shears and his sister

did not observe shears during the incident. See, *State v. Horne*, 5th Dist. Licking No. 08 CA 6, 2009-Ohio-1579.

{¶37} Therefore, from the trial evidence presented, the defendant was not entitled to an instruction on aggravated assault. *Johnson*, supra, 1987 WL 19467, *2. Because appellant was not entitled to the instruction on aggravated assault, the failure of trial counsel to object to omission of that instruction would have been a futile act, and the omission is not ineffective assistance of counsel. *Id.*; see also, *State v. Kehoe*, 133 Ohio App.3d 591, 611, 729 N.E.2d 431 (12th Dist.1999).

{¶38} Appellant's first assignment of error is overruled.

II.

{¶39} In his second assignment of error, appellant argues the trial court should have granted his motions for acquittal because his conviction upon one count of felonious assault is not supported by sufficient evidence. We disagree.

{¶40} "A motion for acquittal under Crim.R. 29(A) is governed by the same standard as the one for determining whether a verdict is supported by sufficient evidence." *State v. Spaulding*, --Ohio St.3d--, 2016–Ohio–8126, --N.E.3d--, ¶ 164, reconsideration denied, 147 Ohio St.3d 1480, 2016–Ohio–8492, 66 N.E.3d 766, citing *State v. Tenace*, 109 Ohio St.3d 255, 2006–Ohio–2417, 847 N.E.2d 386, ¶ 37. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Id., citing *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

{¶41} In the instant case, the jury convicted appellant upon one count of felonious assault pursuant to R.C. 2903.11(A)(1), which states, "No person shall knowingly * * * [c]ause serious physical harm to another * * *[.]" Appellant contends his conviction is not supported by sufficient evidence because Steinbach was intoxicated, came onto his property, and induced him to fight.

{¶42} We again note the only evidence Steinbach came onto the porch, or brandished garden shears, is appellant's self-serving testimony. Steinbach and his sister testified he was not on the porch and didn't have garden shears at any time. The weight of the evidence and the credibility of the witnesses are determined by the trier of fact. *State v. Yarbrough,* 95 Ohio St .3d 227, 231, 2002–Ohio–2126, 767 N.E.2d 216, ¶ 79. Moreover, the testimony of a single witness, if believed by the trier of fact, is sufficient to support a conviction. *State v. Cunningham,* 105 Ohio St.3d 197, 2004–Ohio–7007, 824 N .E.2d 504, at ¶ 51–57. Here, appellee's evidence established appellant struck Steinbach three times with a baseball bat, inflicting serious injuries.

{¶43} Appellant's conviction is supported by sufficient evidence and his second assignment of error is overruled.

**CONCLUSION**

{¶44} Appellant's two assignments of error are overruled and the judgment of the

Stark County Court of Common Pleas is affirmed.

By: Delaney, P.J.,

Hoffman, J. and

Wise, Earle, J., concur.