OPINION JUDGMENT ENTRY
{¶ 1} Defendant-appellant Evan A. Barton appeals his conviction and sentence in the Licking County Court of Common Pleas on one count of felonious assault. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
{¶ 2} Shortly after midnight on November 2, 2002, appellant engaged in a fight in front of the Sparta Bar and Grill ("Sparta") located on West Main Street in Newark, Ohio. The fight resulted in appellant striking Thomas Miller in the head and face, causing Miller to sustain an orbital floor blowout fracture.
{¶ 3} Sgt. Craig Riley of the Newark Police Department witnessed the end of the fight as he was exiting the police parking garage across the street from the Sparta. He testified at trial:
{¶ 4} "A. I was just going out on routine patrol for the evening. I came to the top of the ramp. I looked to the left to check for oncoming traffic.
{¶ 5} "Q. And when you did, what happened?
{¶ 6} "A. When I did, something caught my attention. I diverted my eyes further to my left, saw two or three people exiting the front of the Sparta on to the sidewalk.
{¶ 7} "Q. What caught your attention?
{¶ 8} "A. At the time it was just movement. It seemed — something out of the corner of my eye seemed a quick type of movement, something that I wasn't expecting.
* * *
{¶ 9} "A. Mr. Miller is facing towards the bar, and he's walking backwards towards — away from the bar door towards the statue that's in front of it. Mr. Barton is walking forward. They're probably two or three feet apart. Mr. Barton appears agitated about something, just his posturing.
{¶ 10} "Q. If you would, describe for us what you observed that indicated to you that Mr. Barton was agitated.
{¶ 11} "A. Just movements seemed to be tense. Obviously I was too far away to hear anything. He was walking in a quick pace, one —
{¶ 12} "Q. And what direction was he walking?
{¶ 13} "A. Walking directly at Mr. Miller.
{¶ 14} "Q. What was Mr. Miller doing?
{¶ 15} "A. Mr. Miller was walking backwards away from Mr. Barton at the time.
* * *
{¶ 16} "A. As Mr. Miller's backing up, Mr. Barton is keeping that distance. Mr. Barton closes the distance, immediately starts swinging at Mr. Miller striking him several times. Mr. Miller's walking backwards out into the street and then around the parked car trying to retreat from the attack.
{¶ 17} "Q. * * * When you say he's striking him several times, where is Mr. Barton striking T.D.?
{¶ 18} "A. In the face, head. Some of them I can't tell whether the punches are connecting or not.
{¶ 19} "Q. Okay. You indicated some of them you could not tell?
{¶ 20} "A. I know of at least six or seven that I actually saw make contact. He swung several more times than that that I'm not sure of.
{¶ 21} "Q. How would you describe this attack and these swings that you're observing?
{¶ 22} "A. It's very rapid, punch, one punch right after the next. There's no pause or anything, maybe for 30 seconds nonstop, and the whole time Mr. Miller's walking backwards trying to cover his face and head with his hands and arms.
{¶ 23} "Q. Could you demonstrate for us?
{¶ 24} "A. The whole time he's like this or, you know, moving around a little bit, but most of the time his hands are up trying to absorb the blows, and the whole time he's walking backwards (indicating). That's when I radioed in and responded over in front of the bar myself.
* * *
{¶ 25} "A. It continued while I drove over. Once I parked and exited the vehicle, upon my appearance there, Mr. Barton stopped striking Mr. Miller, and he and a friend started heading back towards the Sparta.
* * *
{¶ 26} "Q. Okay. How would you describe the force of the blows that the defendant was using on the victim?
{¶ 27} "A. There was — they weren't slapping or he wasn't — Mr. Barton wasn't slapping at him, he was drawing back and putting what he could behind the punches.
{¶ 28} Tr. at 142-148.
{¶ 29} Sgt. Riley acknowledged at trial he did not know how the fight began.
{¶ 30} On January 9, 2003, appellant was charged with one count of felonious assault, a felony of the second degree. The indictment alleged appellant knowingly caused serious physical harm to Miller.
{¶ 31} On June 26, 2003, the case proceeded to jury trial. On the same day, prior to commencement of trial, appellant filed written requested jury instructions with the court, including an instruction on the lesser included offense of aggravated assault and a separate instruction on self-defense. On June 27, 2003, upon completion of the evidence, the court submitted the felonious assault charge to the jury for consideration. The court instructed the jury on self-defense, but did not give an instruction on the lesser offense of aggravated assault.
{¶ 32} The jury returned a guilty verdict on the charge of felonious assault.
{¶ 33} At a July 23, 2003 sentencing hearing, the trial court imposed a two year prison sentence.
{¶ 34} It is from his conviction and sentence appellant now appeals raising the following assignments of error:
{¶ 35} "I. The trial court erred in this prosecution of felonious assault when it failed to view the conflicting testimony about how the bar fight began in the light most favorable to the appellant and refused to instruct the jury on the inferior offense of aggravated assault as requested by the appellant.
{¶ 36} "II. The trial court erred when it concluded that a non-prison sanction would demean the seriousness of the offense of felonious assault because the felonious assault resulted in serious physical harm which is an essential element of its commission and then imposed a two year sentence of imprisonment on the appellant, a first time offender."
 I
{¶ 37} In the first assignment of error, appellant maintains the trial court erred in failing to view the conflicting testimony as to how the fight began in a light most favorable to the appellant and in refusing to instruct the jury on the inferior offense of aggravated assault.
{¶ 38} Appellant acknowledges his failure to formally object at trial to the trial court's not giving an instruction as to aggravated assault. However, appellant argues, by filing written requested jury instructions, he apprised the trial court of the proper instruction and unsuccessfully sought its inclusion in the charge to the jury.
{¶ 39} Appellant maintains aggravated assault is a lesser included offense of felonious assault, and pursuant to State v.Wilkins (1980), 64 Ohio St.2d 382, under a reasonable view of the evidence, it was possible for the trier of fact to find the defendant not guilty of the greater offense and guilty of the lesser included offense; therefore, the trial court should have instructed on the lesser included offense. Appellant maintains the trier of fact should have evaluated the evidence concerning how the fight began in a light most favorable to the appellant.
{¶ 40} The State does not dispute aggravated assault is a lesser included offense of felonious assault, and a jury should be so instructed provided there is an appropriate request and sufficient evidence to support the instruction.
{¶ 41} Prior to commencement of the trial on June 26, 2003, appellant filed his written requested jury instructions. A review of the record indicates no further request or discussion at trial as to an instruction on aggravated assault.
{¶ 42} Criminal Rule 30(A) states:
{¶ 43} "(A) Instructions; error; record
{¶ 44} "At the close of the evidence or at such earlier time during the trial as the court reasonably directs, any party may file written requests that the court instruct the jury on the law as set forth in the requests. Copies shall be furnished to all other parties at the time of making the requests. The court shall inform counsel of its proposed action on the requests prior to counsel's arguments to the jury and shall give the jury complete instructions after the arguments are completed. The court also may give some or all of its instructions to the jury prior to counsel's arguments. The court need not reduce its instructions to writing.
{¶ 45} "On appeal, a party may not assign as error the giving or the failure to give any instructions unless the party objects before the jury retires to consider its verdict, stating specifically the matter objected to and the grounds of the objection. Opportunity shall be given to make the objection out of the hearing of the jury." Crim. R. Rule 30.
{¶ 46} An appellate court need not consider an error which could have been addressed or corrected if it could have been, but was not called to the attention of the trial court. However, it must then proceed to examine the issue under the plain error doctrine. Plain error is an obvious error or defect in the trial court proceedings, affecting substantial rights, which, "but for the error, the outcome of the trial court clearly would have been otherwise." See State v. Underwood (1983), 3 Ohio St.3d 12, 13.
{¶ 47} Appellant asserts an exception to the plain error rule applies in this case, relying upon Presley v. Norwood (1973),36 Ohio St.2d 29. In Presley, the Ohio Supreme Court stated:
{¶ 48} "* * * Federal courts have recognized that once a party makes his position sufficiently clear to the trial court, the rationale for formally objecting to a charge given in disregard of that position is no longer present. * * *
{¶ 49} "* * * Thus, where the record affirmatively shows that a trial court has been fully apprised of the correct law governing a material issue in dispute and that the complaining party has unsuccessfully requested the inclusion of that law in the trial court's charge to the jury, that party cannot be said to have waived his objections to the court's charge by failing to formally object after the charge is given."[1] Id. At 33.
{¶ 50} In commenting on Presley, the Ohio Supreme Court stated: "The purpose of [the rule] is to provide a trial court with an opportunity to correct any errors in the instructions as given, and that purpose is fully served where the appellant has formally requested an instruction to the contrary, and the issue has been argued to the trial court." Krischbaum v. Dillon
(1991), 58 Ohio St.3d 58, 61.
{¶ 51} Appellant maintains he apprised the trial court at the outset of the trial of the proper instruction for aggravated assault and unsuccessfully sought its inclusion in the charge by filing a written request with the trial court. However, thePresley exception does not apply each time the trial court fails to give an instruction included among a party's proposed instructions. See, Berge v. Columbus Community Cable Access
(1999), 136 Ohio App.3d 281. Rather, Presley is most appropriately applied when the appellant formally requested a particular instruction and the transcript of the trial reflects the issue had been argued to the trial court during a conference or hearing on the jury instructions. Id.
{¶ 52} In the case sub judice, after charging the jury, the trial court stated on the record:
{¶ 53} "* * * With regard to jury instructions, I did meet with counsel prior to closing arguments and reviewed the instructions with them as to what was to be given. Also after reading the instructions out of the hearing of the jury, I did inquire of counsel as to whether or not there were any corrections to be made, and the defense did ask for a correction that I did disclose with regard to the matter of retreat. There was also a clarification indicating that if the jury did determine that there was the defense of self-defense proven by a preponderance of the evidence, that the defendant was to be found not guilty, and that was in the jury instructions which I sent out to the attorney for the defendant.
{¶ 54} "Were there any other matters with regard to the jury instructions?
{¶ 55} "MR. WEINER: Yes, as the Court will recall, Your Honor, I objected to the aggressor charge after the excessive force paragraph of the — of the self-defense charge. That was my — that was one objection. And then to the last paragraph of the — of the causation charge did not appear to be in OJI. Actually, neither of those appear to be in OJI. I, perhaps, misinterpreted what the Court said. The Court indicated at our charge conference that the charge would be basically out of OJI. I did not see either one of those paragraphs in there.
{¶ 56} "THE COURT: Basically out of OJI, but here are other instructions that can be given by the Court that don't have to be that are out of cases that have been submitted, so that's where the instruction came from."
{¶ 57} Tr. at 280-281.
{¶ 58} There were no further discussions or arguments concerning the instructions. Upon review of the above, appellant failed to properly object to the trial court's not instructing the jury on aggravated assault. Accordingly, the record does not reflect appellant argued the issue to the trial court, nor did he fully apprise the trial court of the correct law concerning the issue. Appellant clearly had an opportunity to argue his position during the trial court's discussion of the instructions, but failed to do so. Rather, appellant now relies on his written request for the instruction, submitted to the court prior to trial. We find appellant has not met the requirements necessary to meet the Presley exception, and has waived all but plain error.
{¶ 59} "Notice of plain error * * * is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." **542 State v. Long
(1978), 53 Ohio St.2d 91.
{¶ 60} The trial court's failure to give an instruction on the lesser included offense of aggravated assault did not rise to the level of plain error. A review of the evidence is not so overwhelming to suggest a substantial certainty the outcome would have been different had the trial court instructed on the inferior degree offense.
{¶ 61} R.C. Section 2903.12 defines the elements of aggravated assault:
{¶ 62} "(A) No person, while under the influence of sudden passion or in a sudden fit of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the person into using deadly force, shall knowingly:
{¶ 63} "(1) Cause serious physical harm to another or to another's unborn;
{¶ 64} "(2) Cause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance, as defined in section 2923.11 of the Revised Code."
{¶ 65} The evidence is not so overwhelming to demonstrate appellant acted while under the influence of sudden passion or fit of rage. Nor does the evidence overwhelmingly demonstrate appellant was incited to use deadly force. Upon review of the evidence, it is not clear the outcome of the trial clearly would have been otherwise but for the trial court's failure to instruct the jury as to the lesser included offense of aggravated assault.
{¶ 66} Appellant's first assignment of error is overruled.
 II
{¶ 67} In his second assignment of error, appellant maintains the trial court erred in concluding a non-prison sanction would demean the seriousness of the offense. Appellant maintains serious physical harm is an essential element of the commission of the offense, and should not be considered in sentencing appellant.
{¶ 68} At the sentencing hearing, the trial court determined:
{¶ 69} "The Court notes that this is a crime of violence; that there was a presumption of prison. If I am to find that the presumption of prison has been rebutted, I must find, first, that a non-prison sanction would adequately punish the offender and protect the public because the less likely to recidivate factors outweigh the more likely factors. Further, the Court must also find that a non-prison sanction would not demean the seriousness of the offense because the factors that decrease the seriousness outweigh factors increasing seriousness. I have gone through all of those and as has been indicated by counsel for the defense, it's obvious that the victim did suffer serious physical harm. It appears that none of
{¶ 70} the more serious factors are involved.
{¶ 71} "When you look at the less serious matters, the victim did not induce this crime. This was done by the defendant in reacting in the manner in which he did. The offender in this case, the defendant, was not provoked into this by the victim, and physical harm, as indicated, serious physical harm was caused and should have been expected by the acts of the defendant. I realize, and has been pointed out in the memorandum, that the fracture that occurred was to the eye, in the eye area, but when you strike someone in the face, you take that chance. That's foreseeable that that could happen. It could happen to anybody. And certainly there are no mitigating factors that the Court determines.
{¶ 72} "It's also very obvious, up until the statement of the defendant saying he's sorry that this occurred, that he did not intend for it to happen, that's basically the first time I've heard remorse. It's always been it wasn't my fault. I didn't do this. When you look at whether or not recidivism is more likely or whether recidivism is less likely, certainly recidivism is less.
{¶ 73} likely. No prior adjudications, no prior convictions, has led a law-abiding life for a significant number of years, and it's unlikely this would recur, so obviously those outweigh the more likely.
{¶ 74} "When weighing the presumption factors, the Court finds that a nonprison sanction would demean the seriousness of the offense. There is serious physical harm. The legislature created these guidelines for obvious reason, and I cannot find that both rebut the presumption. It is, therefore, the sentence and judgment of this Court that the minimum sentence be imposed. I find that it is appropriate that the minimum sentence be imposed because of the factors the defendant not having received prison time before and because of the other factors."
{¶ 75} Tr. at 13-15.
{¶ 76} Appellant seeks to appeal his sentence as of right based upon the trial court's refusal to supersede the presumption for a prison term on a second degree felony. R.C. Section 2953.08 sets forth the circumstances under which a defendant may appeal a felony sentence as of right. The statute does not provide an appeal as of right in this circumstance, nor does the "contrary to law" provision require each and every sentence be subjected to review under the guidelines. State v. Untied, March 5, 1998, Muskingum App. No. CT97-18; State v. Taylor, August 8, 2003, Tuscarawas App. No. 2002CA78. Here, appellant was convicted of a second degree felony and was not given the maximum sentence; therefore, his appeal is not permitted by R.C. 2953.08. Id.
{¶ 77} Appellant's second assignment of error is overruled.
{¶ 78} The conviction and sentence of the Licking County court of Common Pleas is affirmed.
Hoffman, J., Gwin, P.J. and Wise, J. concur.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Licking County Court of Common Pleas is affirmed. Costs assessed to appellant.
[1] In State v. Wolons (1989), 44 Ohio St.3d 64, the Supreme court extended Presley to criminal cases and Criminal Rule 30(A).