OPINION
{¶ 1} Appellant State of Ohio ("state") appeals the sentence rendered, by the Richland County Court of Common Pleas, against Appellee Ronald Russell ("appellee"). The following facts give rise to this appeal.
 {¶ 2} From approximately September 1989 through August 2004, appellee sexually molested three teenage boys. After the first incident of abuse was reported to the authorities in July 2005, appellee made two taped statements wherein he admitted to molesting the teenage boys. As a result of the investigation, appellee was charged, in a bill of information, with one count of gross sexual imposition. In a separate bill of information, appellee was also charged with one count of unlawful sexual conduct with a minor and one count of sexual battery.
 {¶ 3} Appellee appeared before the trial court on November 22, 2005, and entered a plea of no contest to all the charges. The trial court found appellant guilty. Prior to sentencing, the court ordered a pre-sentence investigation and a forensic psychological examination.
 {¶ 4} On January 9, 2006, the trial court sentenced appellant to five years community control with the requirement that appellee complete the in-patient sex offender treatment program at Volunteers of America. The trial court also ordered appellee to pay the victims' counseling expenses. Although the trial court informed appellee that a violation of his community control would result in a ten-year prison sentence, the trial court did not inform him that he would be subject to five years of postrelease control upon release from the prison sentence.
 {¶ 5} The state appeals setting forth the following assignment of error for our consideration:
 {¶ 6} "I. THE SENTENCE IMPOSED BY THE TRIAL COURT IS CONTRARY TO LAW WHERE THE TRIAL COURT FAILED TO INFORM THE DEFENDANT-APPELLEE THAT HE WOULD BE SUBJECT TO A MANDATORY FIVE YEAR TERM OF POST RELEASE CONTROL IF HE IS SENT TO PRISON FOR A VIOLATION OF HIS COMMUNITY CONTROL."
 I {¶ 7} In its sole assignment of error, the state maintains the sentence imposed by the trial court is contrary to law because the trial court failed to inform appellee that he would be subject to a mandatory five-year term of postrelease control if he is sent to prison for a violation of his community control. We disagree.
 {¶ 8} Prior to considering the merits of the state's appeal, we will address the state's right to appeal the sentence imposed by the trial court. The state filed its appeal pursuant to R.C.2953.08(B)(2), which provides, in pertinent part:
 {¶ 9} "(B) In addition to any other right to appeal and except as provided in division (D) of this section, a prosecuting attorney, * * * may appeal as a matter of right a sentence imposed upon a defendant who is convicted of or pleads guilty to a felony or, in the circumstances described in division (B)(3) of this section the modification of a sentence imposed upon such a defendant, on any of the following grounds:
 "* * * {¶ 10} "(2) The sentence is contrary to law."
 {¶ 11} Thus, the state concludes it has a right to appeal the sentence rendered by the trial court because it is contrary to law. In response, appellee cites this court's decision in Statev. Barton, Licking App. No. 2003CA64, 2004-Ohio-3058. InBarton, we stated that:
 {¶ 12} "Appellant seeks to appeal his sentence as of right based upon the trial court's refusal to supersede the presumption for a prison term on a second degree felony. R.C. Section 2953.08
sets forth the circumstances under which a defendant may appeal a felony sentence as of right. The statute does not provide an appeal as of right in this circumstance, nor does the `contrary to law' provision require each and every sentence be subjected to review under the guidelines. Here, appellant was convicted of a second degree felony and was not given a maximum sentence; therefore, his appeal is not permitted by R.C. 2953.08." Id. at ¶ 74.
 {¶ 13} We find the Barton analysis inapplicable to the case sub judice because Barton involved a defendant appealing his sentence, under R.C. 2953.08, on the basis that the trial court erred when it concluded a non-prison sanction would demean the seriousness of the offense of felonious assault. However, in the matter currently before the court, the state is challenging the trial court's failure to inform appellee of postrelease control if he is sent to prison for a violation of his community control. Because the Barton decision is factually distinguishable, we conclude it does not preclude us from reviewing the issue raised by the state on appeal.
 {¶ 14} In support of its sole assignment of error, the state cites the following two recent Ohio Supreme Court decisions:State v. Jordan, 104 Ohio St.3d 21, 2004-Ohio-6085 andHernandez v. Kelly, 108 Ohio St.3d 395, 2006-Ohio-126. InJordan, the Ohio Supreme Court consolidated separate appeals in order to address conflicting appellate resolutions of the situation that occurs when a trial court fails to notify an offender about postrelease control at the time of sentencing but incorporates that notice into its sentencing entry. Id. at ¶ 1. In analyzing this issue, the Court referred to R.C.2929.19(B)(3), which provides, in part:
 {¶ 15} "Subject to division (B)(4) of this section, if the sentencing court determines at the sentencing hearing that a prison term is necessary or required, the court shall do all of the following:
 "* * * {¶ 16} "(c) Notify the offender that the offender will be supervised under section 2967.28 of the Revised Code after the offender leaves prison if the offender is being sentenced for a felony of the first degree or second degree, for a felony sex offense, or for a felony of the third degree in the commission of which the offender caused or threatened to cause physical harm to a person;
 {¶ 17} "(d) Notify the offender that the offender may be supervised under section 2967.28 of the Revised Code after the offender leaves prison if the offender is being sentenced for a felony of the third, fourth or fifth degree that is not subject to division (B)(3)(c) of this section." Id. at ¶ 12 -¶ 15.
 {¶ 18} The Court held that the above-cited statute "* * * expressly prescribes what a trial court must do `at the sentencing hearing' after it has decided to impose a prison term. Therefore, when sentencing a felony offender to a term of imprisonment, a trial court is required to notify the offender at the sentencing hearing about postrelease control and is further required to incorporate that notice into its journal entry imposing sentence." Id. at ¶ 17.
 {¶ 19} In the Hernandez case, at the time of re-sentencing defendant, the trial court failed to notify defendant that he would be subject to postrelease control. Id. at ¶ 4. In addition, the trial court did not incorporate a period of postrelease control in its journal entries imposing sentence. Id. Thereafter, upon release from prison, the Adult Parole Authority ("APA") placed defendant on postrelease control for five years. Id. at ¶ 5. After being detained for an offense in Texas, the APA conducted a hearing and determined that defendant had violated several conditions of his postrelease control. Id. at ¶ 6. The APA imposed a prison sentence of 160 days, with continued APA supervision upon his release. Id.
 {¶ 20} Subsequently, defendant filed a writ of habeas corpus to order the warden to release him from prison and from any further postrelease control. Id. at ¶ 7. In support of his writ, defendant argued that he was entitled to release from prison and from any further postrelease control because the trial court did not notify him, at his sentencing hearing, that he would be subject to postrelease control and did not incorporate postrelease control into the sentencing entry. Id. at ¶ 10.
 {¶ 21} In concluding the APA lacked authority to impose postrelease control because the trial court did not impose it in its sentence, the Court cited Jordan, supra, wherein it stated:
 {¶ 22} "In Woods v. Telb, 89 Ohio St.3d 504,733 N.E.2d 1103, we detailed the constitutional significance of a trial court including postrelease control in its sentence. We stated that because the separation-of-powers doctrine precludes the executive branch of government from impeding the judiciary's ability to impose a sentence, the problem of having the Adult Parole Authority impose postrelease control at its discretion is remedied by a trial court incorporating postrelease control into its original sentence. Id. at 512-513, 733 N.E.2d 1103. Consequently, unless a trial court includes postrelease control in its sentence, the Adult Parole Authority is without authority to impose it." Jordan at ¶ 19.
 {¶ 23} The state concedes that the above-cited statute and cases only address the trial court's notification of postrelease control as it applies to offenders who are sent to prison. However, the state argues that the notification requirement of postrelease control should be extended to offenders who are initially sentenced to community control.
 {¶ 24} Upon review of both the statutory and case law, we decline to grant such an extension for the following reasons. First, we find the statute interpreted by the Ohio Supreme Court, in the Jordan and Hernandez decisions, is clear and unambiguous. The notification requirements of R.C. 2929.19(B)(3) are triggered only when "* * * the sentencing court determines at the sentencing hearing that a prison term is necessary or required * * *." Because we find no ambiguity in this language, the language must be applied as written and no further interpretation of the statute is necessary. See Clark v.Scarpelli, 91 Ohio St.3d 271, 274, 2001-Ohio-39, quoting Stateex rel. Savarese v. Buckeye Local School Dist. Bd. of Edn.
(1996), 74 Ohio St.3d 543, 545.
 {¶ 25} Second, we find no need to extend the statutory requirements of R.C. 2929.19(B)(3) to defendants sentenced to community control. This is so because a defendant who has his or her community control revoked must appear before the trial court for imposition of the sentence the trial court informed them they would receive if they violated their community control. Thus, at the time of sentencing, the trial court would be required to follow the mandates of R.C. 2929.19(B)(3) and inform the defendant of postrelease control.
 {¶ 26} Accordingly, we conclude appellant's sentence is not contrary to law. Under R.C. 2929.19(B)(3), a trial court is not required to inform a defendant about postrelease control if the defendant is sentenced to community control rather than a prison term. However, if the defendant subsequently violates his or her community control and the trial court imposes a prison term as a result of the violation, the trial court is required to follow the mandates of R.C. 2929.19(B)(3) and inform the defendant about postrelease control.
 {¶ 27} The state's sole assignment of error is overruled.
 {¶ 28} For the foregoing reasons, the judgment of the Court of Common Pleas, Richland County, Ohio, is hereby affirmed.
By: Wise, P.J. Gwin, J., and Boggins, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed.
Costs assessed to the State of Ohio.